[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTIONS #120 #121
 MOTION #120
The defendant previously received notice of the unreimbursed medical bills but failed to pay his share, which is $1,005.21. This failure is found to be willful. Accordingly, the defendant is found to be in contempt of court and is ordered to purge himself of contempt by paying the plaintiff $22.00 per week until the $1,005.21 is paid in full and, in addition thereto, by paying the plaintiff by February 28, 2001, $750.00 toward the attorney's fees that have been incurred by the plaintiff. In entering the these orders, the court has taken into account the testimony that the dental bill for braces could have been paid overtime. The court has also taken into account, among other things, the defendant's income, assets and debts as set forth on his financial affidavit, the fact that the defendant's weekly child support obligation is being increased pursuant to the child support guidelines, and the fact that the services of the plaintiff's attorney were in part devoted to the contempt matter and in part to the support matter.
 MOTION #121
There has been a substantial change in circumstances since the date the last support order was entered. The defendant now earns $787.00 gross a week. After an imputed support obligation and other deductions, his net weekly income is now $470.00. In 1993, his net weekly income was $206.45. In 1993, the plaintiff's income was $296.15. She is now unemployed. Under the support guidelines, the defendant's present support obligation is $112.00 a week.
The plaintiff is currently unemployed due to the necessity of caring for a child with special medical needs. The child with special needs is not the plaintiff's child. The defendant argues that the plaintiff has an earning capacity that should be imputed to her. If this were done and $296.15 a week was imputed to her as "earning capacity," the "basic child support obligation" under the guidelines would increase and defendant's support obligation would be the same, i.e. $112.00 a week.
The defendant's weekly support obligation is increased to $112.00 per week. This order is effective, pursuant to the parties written agreement, as of October 20, 2000. CT Page 15663
The defendant is to maintain such medical insurance for the parties' child that is available through defendant's place of employment and, in addition thereto, he is to obtain such dental insurance for the child that is available through defendant's place of employment.
Pursuant to the child support guidelines, the defendant is to pay 76% of the unreimbursed medical expenses that are incurred in the future.
THIM, J.